## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL A. HIGHSMITH, #M-43260, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-00211-MJR** |
| | ) | |
| CHRISTOPHER BAILEY, CURRY, and G. GODOYO, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Michael Highsmith, an inmate currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on February 22, 2016 in the Northern District of Illinois.  On February 29, 2016, the case was transferred from the Northern District of Illinois to this Court pursuant to 28 U.S.C. § 1404(a). (Doc. 9).  The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff has been incarcerated at Centralia Correctional Center ("Centralia") for the past two years. During that time, Plaintiff asserts that he has been sexually harassed on a daily basis by correctional officers and other inmates for being gay. (Doc. 1, p. 4). Because of the ongoing harassment, Plaintiff has been moved around to different housing units, but he claims that the harassment is even worse in his current housing unit. *Id*. On one occasion, while Plaintiff was watching the Super Bowl with other inmates and correctional officers, Defendant Curry, a correctional officer, publicly ridiculed Plaintiff when he announced over the loud speaker that Plaintiff did not "like that" when Beyoncé was performing. *Id*. In addition, Plaintiff asserts that Defendant Bailey, another correctional officer, has spread rumors amongst the inmates that Plaintiff had sex with another male inmate. *Id*. at 5.

Plaintiff filed a report with prison officials in accordance with the Prison Rape Elimination Act ("PREA"), and he has notified several prison officials, but his concerns have yet to be addressed. *Id*. at 4. Plaintiff discussed the situation with Defendant Godoyo, a lieutenant, and Godoyo said that he would discuss the matter with internal affairs. Yet, even though Plaintiff has "constantly reminded" Godoyo of the ongoing harassment, Defendant Godoyo has failed to take action on Plaintiff's initial PREA report and subsequent grievances. *Id*. Lastly, Plaintiff asserts that he and "all bisexual and gay" inmates have been the target of the ongoing and persistent sexual harassment. *Id*. at 5.

## Analysis

Plaintiff does not state on what basis he seeks to bring his claims and, fortunately, the law does not require him to do so. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Instead, courts are directed to ask "whether any set of facts consistent with the complaint would give [plaintiff] a right to recover, no matter what the legal theory." *Id*. (citing FED. R. CIV. P. 8(a); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001)). After carefully considering the allegations, the Court finds that the complaint sets forth an actionable Eighth Amendment sexual harassment claim against Defendants Curry, Bailey, and Godoyo.[1]

Under the Eighth Amendment, prison officials must take "reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). A prison official may be liable under the Eighth Amendment if he acts with deliberate indifference to the health or safety of an inmate. *Id*. To establish a violation, an inmate must demonstrate 1) that

---

[1] It is unclear whether Plaintiff intended to assert a claim pursuant to the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 et seq., but to the extent that he did, other courts addressing this issue have found that the PREA does not establish a private cause of action. *See Ross v. Gossett*, No. 15-CV-309-SMY-PMF, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016) (collecting cases). Therefore, Plaintiff may not proceed on any claim pursuant to the PREA.

there was an excessive risk to the inmate's health or safety; and 2) that the official was aware that a substantial risk of serious harm existed, and chose to disregard the risk.  *Id.*

While "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," it may be actionable when the conduct is ongoing and intended to inflict physical or psychological harm on the inmate, even if indirectly through provoking others to verbally, sexually, or physically harass the inmate.  *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).  In the present case, Plaintiff asserts that he has been subjected to ongoing sexual harassment by guards and inmates for two years.  Defendant Curry participated in that harassment when he publicly mocked Plaintiff's sexual orientation.  Likewise, Defendant Bailey spread rumors that Plaintiff had had sexual relations with another male inmate.  When Plaintiff reported the ongoing to harassment to Defendant Godoyo, Godoyo failed to adequately address Plaintiff's concerns.  Plaintiff has complained to prison officials, filed a report pursuant to the Prison Rape Elimination Act, and spoken with a counselor.  In addition, he has repeatedly asked to be moved to a different housing unit.  Whether Defendants Curry, Bailey, and Godoyo's conduct amount to a violation under the Eighth Amendment remains to be seen.  But at this preliminary stage, it would be "premature" to dismiss Plaintiff's claim.  *See Beal*, 803 F.3d at 358 (finding that dismissal of a verbal sexual harassment claim was premature where ongoing verbal harassment aimed at identifying the inmate as homosexual increased the likelihood of sexual assault and psychological harm).  As such, Plaintiff may proceed on his Eighth Amendment sexual harassment claim against Defendants Curry, Bailey, and Godoyo.

## **Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 4) remains **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment sexual harassment claim against Defendants **CURRY, BAILEY,** and **GODOYO**.

The Clerk of Court shall prepare for Defendants **CURRY, BAILEY,** and **GODOYO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 16, 2016**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**